AFFIRMED; Opinion Filed December 4, 2012.



In The

# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-11-00516-CR

## JOSHUA PAUL BUSTAMANTE, Appellant

### V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F09-60745-K**

# OPINION

Before Justices Morris, Moseley, and Myers
Opinion By Justice Moseley

A jury convicted Joshua Paul Bustamante of the murder of Teresa Escamilla. After Bustamante pleaded true to an enhancement paragraph, the trial court heard evidence on punishment, found the enhancement paragraph true, and assessed Bustamante's punishment at life imprisonment and a $10,000 fine. In two issues, Bustamante argues the evidence is legally insufficient to support his conviction and the trial court erred by permitting the prosecutor to read from an exhibit admitted into evidence at the punishment phase of the trial. For the reasons discussed below, we affirm.

## Background

Escamilla was shot and killed in what appears to have been a fight between rival pimps over control of a prostitute. The pimps were Bustamante and Escamilla's boyfriend, Carlos Carter. There is evidence the prostitute, Jennifer Slater, worked for Bustamante at one time, left him to work for Carter, and then changed her mind and wanted to go back to Bustamante.

On the night of her death, Escamilla was driving her car with Carter in the passenger seat; they dropped off Slater at a service station. Slater testified she called Bustamante and asked him to pick her up. Bustamante arrived in a black F-150 truck driven by Steve Perez; Bustamante was in the passenger seat. Slater got into the rear seat behind Bustamante.

Either Bustamante or Perez then told Slater to call Carter. She did, telling him to meet her at a nearby market. When Escamilla and Carter arrived at the market, Carter saw the black F-150 drive by and called Slater to find out where she was. Slater told him she was in the back of the parking lot. Carter told Escamilla to drive to the back of the market. Seconds later, Carter saw the F-150 pull up. Carter saw that Bustamante was outside of the truck firing a shotgun at him. Bustamante fired two shots through the back window of Escamilla's car. Escamilla had put the car in reverse, but it soon came to a stop. Carter saw that Bustamante had left. He then realized Escamilla had been shot in the back of the head. Before calling 911, Carter called Slater and talked to Bustamante. Bustamante told him "I won't miss next time."

Escamilla died of a gunshot wound to the left side of her head. The wound was typical of one caused by a shotgun and fragments recovered during the autopsy were consistent with a slug.

Slater testified that after telling Carter to meet her at the market, she put her head down in the back of the truck because she did not want to see what was about to happen. She later heard three shots coming from the passenger side of the truck where Bustamante was sitting. She also

heard Bustamante tell Perez to hand him another gun. After the shooting, they left to get rid of the truck in someone's garage. Slater saw the guns while they were cleaning the truck. Slater testified Bustamante's arm was broken at the time and his mouth was cut when the gun hit his chin. She identified Bustamante as the shooter when she was interviewed by police.

## Legal Sufficiency

Bustamante's first issue challenges the legal sufficiency of the evidence to support the conviction. We apply the appropriate legal sufficiency standard of review. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011), *cert. denied*, 132 S. Ct. 1763 (U.S. 2012). In a legal sufficiency review, "we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Adames*, 353 S.W.3d at 860. This standard "recognizes the trier of fact's role as the sole judge of the weight and credibility of the evidence after drawing reasonable inferences from the evidence." *Id.* We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *See id.* (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).

As applicable here, a person commits murder if he intentionally or knowingly causes the death of an individual or intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual. TEX. PENAL CODE ANN. § 19.02(b)(1), (2) (West 2011). A person is criminally responsible for causing a result if the only difference between what actually occurred and what he desired, contemplated, or risked is that a different person was injured, harmed, or otherwise affected. TEX. PENAL CODE ANN. § 6.04(b).

Bustamante argues the evidence is insufficient because of conflicts in the testimony about whether he was inside or outside the truck when he fired and because both Carter and Slater were

-3-

not credible. He contends Carter was entirely unreliable because he admitted lying to police in his initial interview and because he was a convicted felon. Bustamante asserts Slater was not credible because she testified under a grant of immunity for her role in the offense. She was also a convicted prostitute with a drug habit. And Slater identified Bustamante as the shooter after police told her she would be charged with the murder.

Bustamante also points to evidence his arm was broken at the time and argues this could have made it difficult for him to fire a shotgun. He asserts there was no physical evidence linking him to the crime, no murder weapon was recovered or connected to him, and police did not investigate the second man in the truck, Perez, because he fled. Finally, Bustamante argues the evidence is insufficient because he did not confess to any crime.

However, it is the factfinder's duty "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State,* 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007). When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson*, 443 U.S. at 326.

Here the jury believed the testimony identifying Bustamante as the person who shot and killed Escamilla. The jury's inferences are reasonable considering the combined and cumulative force of all the evidence and we defer to the jury's determination of guilt.

Other than his credibility arguments, Bustamante asserts the evidence presents possibilities other than his guilt. However, the State need not disprove all reasonable alternative hypotheses that are inconsistent with the defendant's guilt. *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App.

2012). Furthermore, what is not in evidence is irrelevant to a determination of the sufficiency of the evidence. *Chambers v. State*, 711 S.W.2d 240, 245 (Tex. Crim. App. 1986).

Considering all the evidence (including that summarized above) in the light most favorable to the verdict, we conclude a rational trier of fact could have found the accused guilty of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319; *Adames*, 353 S.W.3d at 860. Thus, we overrule Bustamante's first issue.

## Evidence at Punishment

Bustamante elected to have the trial court assess punishment. During the punishment hearing, the State offered Bustamante's juvenile probation records as an exhibit. Bustamante's counsel stated he had no objection to the exhibit and the trial court admitted it in evidence. The State then began reading portions of the exhibit to the court.

Bustamante objected to "this manner of testimony," indicating the exhibit had been admitted in evidence, but that permitting the prosecutor to read from the document without a witness was improper. The trial court overruled this objection. In his second issue, Bustamante argues the trial court erred by permitting the State to read from the document.

The trial court has broad discretion in determining the order and presentation of witnesses and evidence. *See* TEX. R. EVID. 611(a). This discretion extends to the presentation of documentary evidence: "Common practice in state and federal courts appear[s] to be that when a document is admitted into evidence, *counsel or a witness* can read the document aloud to the jury." *Wheatfall v. State*, 882 S.W.2d 829, 837 (Tex. Crim. App. 1994) (emphasis added). The court of criminal appeals in *Wheatfall* concluded the trial court did not abuse its discretion by permitting the prosecutor to read portions of an admitted exhibit into evidence in a jury trial. *Id.* at 838. We overrule Bustamante's second issue.

We affirm the trial court's judgment.

_____
JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
110516F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOSHUA PAUL BUSTAMANTE,
Appellant

No. 05-11-00516-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 4 of Dallas County, Texas. (Tr.Ct.No. F09-60745-K).
Opinion delivered by Justice Moseley, Justices Morris and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered December 4, 2012.

JIM MOSELEY
JUSTICE